FRUGÉ, Judge.
Plaintiffs, Mr. and Mrs. George M. Bonin, sued for damages for personal injuries and medical expenses sustained by Mrs. Bonin as the result of a minor auto-moble collision. Defendant is the casualty insurer of Mr. James F. Pool, the owner and operator of one of the vehicles involved in the collision. Hartford Accident & Indemnity Company was the compensation carrier of the Beaumont Enterprise Newspaper Company, the employer of Mrs. Bonin at the time of the accident. As a result of this accident, Hartford Accident & Indemnity Company paid compensation benefits for 38 weeks, amounting to $1,330.00, and medical expenses amounting to $607.50, and they have intervened in this suit seeking judgment for this amount of $1,937.50.
The district court found that Mrs. Bonin was negligent and her negligence was a proximate cause of the accident and so dismissed the suit. From this judgment Mr. and Mrs. Bonin have appealed, as has the intervenor, Hartford Accident & Indemnity Company.
The accident occurred on November 5, 1964, at an intersection of two streets in the City of Jennings. Mrs. Bonin was driving a 1963 Chevrolet pickup truck north on Main Street in connection with her business of delivering morning papers to business houses in Jennings. Mrs. Bonin had completed a delivery some two and a half blocks south of the site of the collision and was continuing on her route in order to make another delivery some seven blocks further north when the accident occurred. Mr. Pool, driving a 1963 station wagon and towing a boat and trailer, was stopped immediately prior to the accident at a self-service ice house located approximately 95 feet south of the intersection where the collision was to occur. Being unable to obtain ice, Mr. Pool and his companion, a Mr. Swift, decided to drive to Swift’s residence in order to obtain the needed ice. Mr. Swift, whose vehicle was parked in front of Pool’s vehicle, pulled out first, followed by Pool. The Swift vehicle negotiated the left hand turn at the intersection on Main Street and Second Street, but while Mr. Pool was negotiating the same turn, Mrs. Bonin’s pickup truck struck the left fender of the boat trailer. The collision was minor, resulting in no damage to the boat and only $30.00 in damage to the Bonins’ truck. However, even though the physical damage to the two vehicles was minor, Mrs. Bonin did sustain disabling injuries from a whiplash type of injury.
Able counsel for plaintiff has assigned seven errors which he contends the District Court made. These seven alleged errors may be lumped into one, that is, that the trial court erred in concluding that the accident occurred within or a short distance south of the intersection of Main *530 Street and Second Street and so holding Mrs. Bonin to be the proximate cause of the accident. The point of impact was found by the lower court to have been within approximately five feet of the south edge of Second Street and approximately two feet west of the center line of Main Street
Since this appeal is based purely on a question of fact of where the collision occurred, we must look to the testimony of the parties involved to see if error was committed.
Mr. Pool testified that the point of impact was within or just slightly south of the intersection. Mr. Swift, although not witnessing the accident per se, saw where the Bonins’ truck stopped immediately after the accident and from his observation testified that the collision occurred “right at the intersection of Second” and Main. Mrs. Bonin corroborated the fact that the collision occurred very close to or within the intersection by testifying that the accident occurred “just short of the intersection” by a few feet. Police Chief J. C. Gauthier, who investigated the accident, testified that the point of impact was approximately 30 to 40 feet south of the south edge of Second Street. Although Chief J. C. Gauthier is well known and respected by this court, we must agree with the District Court in rejecting Chief Gauthier’s version of the point of impact in that it is not corroborated by any of the other witnesses, including the plaintiff.
We, in so agreeing with the trial court in its finding of facts pertaining to the situs of the accident, must therefore further agree with the trial court in concluding that Mrs. Bonin’s actions were a proximate cause of the collision. From the testimony of Mrs. Bonin, Mr. Pool and Mr. Swift, the conclusion is inescapable that Mr. Pool’s vehicle pulling the boat trailer had departed its parked position and pulled into the northbound lane when Mrs. Bonin was at a safe .distance to the rear, so that the accident resulted from her running into the rear of the truck due to inadequate lookout when it subsequently turned left at the intersection.
The trial judge’s findings of fact are entitled to great weight on appeal and his conclusions as to the facts will not be disturbed unless found to be clearly erroneous. LeBlanc v. Gauthier, La.App. 3 Cir., 174 So.2d 267. After a careful study of this record, we cannot find the trial judge’s conclusions as to the facts erroneous.
For the foregoing reasons, the judgment of the lower court dismissing plaintiffs’ and intervenor’s suit is hereby affirmed, costs of this appeal to be taxed to appellants.
Affirmed.